**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>2. JANTRAN, INC., *in personam;*<br>3. LUCY JANOUSH (CG # 1236255), *in rem;*<br>4. MISS ALEX, (CG # 1223095), *in rem;*<br>5. BRUCE OAKLEY, (CG # 1239706), *in rem*<br>6. EL PASO, (CG # 1260021), *in rem*<br><br>Defendants. | ) | Case No. 25-cv-<u>60-DES</u> |

**<u>COMPLAINT</u>**

COMES NOW the Plaintiff, the United States of America, on behalf of the U.S. Army Corps of Engineers (hereinafter "Corps" or "USACE"), and submits its Complaint against Defendant, Jantran, Inc., *in personam*, and Defendant vessels, the Lucy Janoush, the Miss Alex, the Bruce Oakley, and the El Paso, *in rem*, and alleges upon information and belief as follows:

**<u>NATURE OF ACTION</u>**

1. This is a civil action commenced for injury to a harbor or river improvements pursuant to 33 U.S.C. § 408.

2. The Plaintiff constructed the Newt Graham Lock & Dam #18, the Chouteau Lock & Dam #17, the Webber Falls Lock & Dam #16, and the Robert S. Kerr Lock & Dam #15 as part of the McClellan-Kerr Arkansas River Navigation system authorized by the River and Harbor Act of July 24, 1946.

3. The Plaintiff has, since their construction, maintained, operated, and controlled the locks and dams on the McClellan-Kerr Arkansas River Navigation system for navigational purposes.

4. Defendant Jantran, Inc. ("Jantran") is in the business of marine transportation, towing, tugboat, and support services.

5. The Defendant vessels, the Lucy Janoush (Coast Guard vessel # 1236255), the Miss Alex (Coast Guard vessel # 1223095), the Bruce Oakley (Coast Guard vessel # 1239706), and the El Paso (Coast Guard vessel # 1260021) are tugboats owned, operated, and managed by Defendant Jantran which operate on the McClellan-Kerr Arkansas River Navigation system.

6. On March 10, 2022, Defendant Jantran, while attempting to navigate the Lucy Janoush, through the Chouteau Lock and Dam #17, lost control of the vessel, struck the left wall upstream miter gate recess of the lock, and caused damage in violation of 33 U.S.C. § 408.

7. On April 4, 2022, Defendant Jantran, while attempting to navigate the Miss Alex, through the Chouteau Lock and Dam #17, lost control of the vessel, struck the left wall downstream miter gate recess of the lock, and caused damage in violation of 33 U.S.C. § 408.

8. On July 25, 2022, Defendant Jantran, while attempting to navigate the Lucy Janoush, through the Webber Falls Lock and Dam #16, lost control of the vessel, struck the downstream river wall miter gate of the lock, and caused damage in violation of 33 U.S.C. § 408.

9. On November 18, 2023, Defendant Jantran, while attempting to navigate the Bruce Oakley, through the Newt Graham Lock and Dam #18, lost control of the vessel, struck the upstream river wall miter gate of the lock, and caused damage in violation of 33 U.S.C. § 408.

10. On August 17, 2024, Defendant Jantran, while attempting to navigate the El Paso, through the Robert S. Kerr Lock and Dam #15, lost control of the vessel, struck the handrail and upstream left guard wall of the lock, and caused damage in violation of 33 U.S.C. § 408.

## PARTIES

11. Defendant Jantran, Inc. is a Mississippi corporation with its principal place of business in the State of Mississippi.

12. Defendant vessels, the Lucy Janoush, the Miss Alex, the Bruce Oakley, and the El Paso are tugboats owned, operated, and managed by Defendant Jantran which operate on the McClellan-Kerr Arkansas River Navigation system.

13. The Plaintiff, the United States through its agency the USACE, built, operate and maintain the Newt Graham Lock & Dam #18, the Chouteau Lock & Dam #17, the Webber Falls Lock & Dam #16, and the Robert S. Kerr Lock & Dam #15 as a part of the McClellan-Kerr Arkansas River Navigation System.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 as the district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Oklahoma.

## STATUTORY AND FACTUAL BACKGROUND

16. The Corps is a Federal Agency charged with providing engineering and other services to the United States to include the operation and maintenance of inland and intracoastal

waterway navigable channels, including commercial lock and dam sites, as well as harbors and waterways.

17. The Newt Graham Lock & Dam System (L&D #18) is located on the Verdigris River in Oklahoma and was authorized as part of the McClellan-Kerr Navigation System in the River and Harbor Act of 1946.

18. The Chouteau Lock & Dam System (L&D #17) is located on the Verdigris River in Oklahoma and was authorized as part of the McClellan-Kerr Navigation System in the River and Harbor Act of 1946.

19. The Webber Falls Lock & Dam System (L&D #16) is located on the Arkansas River in Oklahoma and was authorized as part of the McClellan-Kerr Navigation System in the River and Harbor Act of 1946.

20. The Robert S. Kerr Lock & Dam System (L&D #15) is located on the Arkansas River in Oklahoma and was authorized as part of the McClellan-Kerr Navigation System in the River and Harbor Act of 1946.

21. Defendant Jantran is the tugboat operator of the four Defendant vessels, the Lucy Janoush, the Miss Alex, the Bruce Oakley, and the El Paso.

22. On March 10, 2022, the Lucy Janoush was preparing to pass through L&D #17 of the McClellan-Kerr Navigation System when it struck the left wall upstream miter gate recess of the lock.

23. On April 4, 2022, the Miss Alex was preparing to pass through L&D #17 of the McClellan-Kerr Navigation System when it struck the left wall downstream miter gate recess of the lock.

24. On July 25, 2022, the Lucy Janoush was preparing to pass through L&D #16 of the McClellan-Kerr Navigation System when it struck the downstream river wall miter gate of the lock.

25. On November 18, 2023, the Bruce Oakley was locking upstream pushing out a single barge through L&D #18 of the McClellan-Kerr Navigation System when it struck the upstream river wall miter gate of the lock.

26. On August 17, 2024, the El Paso was entering the lock chamber at L&D #15 of the McClellan-Kerr Navigation System when it struck the handrail and upstream left guard wall of the lock.

27. The total damage caused by the five barge strikes is estimated at $153,930.00 ($41,300.00 from the March 10, 2022 Lucy Janoush strike; $29,000.00 from the April 4, 2022 Miss Alex strike; $25,000.00 from the July 25, 2022 Lucy Janoush strike; $15,000 from the November 18, 2023 Bruce Oakley strike; and $42,630.00 from the August 17, 2024 El Paso strike).

28. The rules governing protection of navigable waters and of harbor and river improvements are found in Title 33 of the United States Code, Chapter 9.

29. Pursuant to 33 U.S.C. § 408 "[i]t shall not be lawful for any person or persons to … alter, deface, destroy, move, injure, obstruct by fastening vessels thereto or otherwise, or in any manner whatever impair the usefulness of any sea wall, bulkhead, jetty, dike, levee, wharf, pier, or other work built by the United States, or any piece of plant, floating or otherwise, used in the construction of such work under the control of the United States, in whole or in part, for the preservation and improvement of any of its navigable waters or to prevent floods, or as boundary marks, tide gauges, surveying stations, buoys, or other established marks, nor remove for ballast or other purposes any stone or other material composing such works…"

**FIREST CAUSE OF ACTION**
**STRICT LIABILITY - VIOLATION OF 33 U.S.C. § 408**

30. Plaintiff re-alleges and incorporates by reference the assertions made in paragraphs 1 through 29.

31. Defendant Jantran's vessels struck the Newt Graham Lock & Dam #18, the Chouteau Lock & Dam #17, the Webber Falls Lock & Dam #16, and the Robert S. Kerr Lock & Dam #15, which are public works under the control of the United States authorized as part of the McClellan-Kerr Navigation System in the River and Harbor Act of 1946, on five separate occasions: March 10, 2022; April 4, 2022; July 25, 2022; November 18, 2023, and August 17, 2024. Each of these incidents were in violation of 33 U.S.C. § 408.

32. On March 10, 2022, the Lucy Janoush, a vessel operated by the Defendant Jantran, struck the left wall upstream miter gate recess of L&D #17, causing an estimated $41,300.00 in damage.

33. On April 4, 2022, the Miss Alex, a vessel operated by the Defendant Jantran, struck the left wall downstream miter gate recess of L&D #17, causing an estimated $29,000.00 in damage.

34. On July 25, 2022, the Lucy Janoush, a vessel operated by the Defendant Jantran, struck the downstream river wall miter gate of L&D #16, causing an estimated $25,000.00 in damage.

35. On November 18, 2023, the Bruce Oakley, a vessel operated by the Defendant Jantran, struck the upstream river wall miter gate of L&D #18, causing an estimated $15,000.00 in damage.

36. On August 17, 2024, the El Paso, a vessel operated by the Defendant Jantran, struck the handrail and left upstream guard wall of L&D #15, causing an estimated $43,630.00 in damage.

37. In damaging and causing injury to the navigational structures set out above, Defendant Jantran is strictly liable under the provisions of 33 U.S.C. § 408, to pay the United States the amount of the damage incurred for the cost of repairing the damaged navigational structures, plus interest. In addition, pursuant to 33 U.S.C. § 411, Defendant Jantran is liable for a penalty of not more than $25,000.00 per day for each such incident of damage to Plaintiff's navigational structures.

**SECOND CAUSE OF ACTION**
**STRICT LIABILITY - VIOLATION OF 33 U.S.C. § 412**

38. Plaintiff re-alleges and incorporates by reference the assertions made in paragraphs 1 through 37.

39. At all material times, the Defendant vessels, the Lucy Janoush, the Miss Alex, the Bruce Oakley, and the El Paso, are vessels "used and employed" within the meaning of 33 U.S.C. § 412.

40. In damaging Plaintiff's navigational structures set forth above, the Lucy Janoush, the Miss Alex, the Bruce Oakley, and the El Paso are liable under 33 U.S.C. § 412, for the amount of the damage incurred for the cost of repairing the damaged navigational structures, plus interest. In addition, pursuant to 33 U.S.C. § 411, the Defendant vessels are liable for a penalty of not more than $25,000.00 per day for each of the five incidents of damage caused by the Defendant vessels to Plaintiff's navigational structures.

**WHEREFORE**, the United States of America prays as follows:

1. That Plaintiff be granted judgment against the Defendant Jantran, *in personam*, and order the Defendant to pay damages in the amount of $153,930.00, plus interest, to the United States, which represents the amount sufficient to repair the damaged infrastructure and rebuild it to original specifications caused by Defendant in five separate incidents;

2. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Court enter an order authorizing a warrant for the arrest of the tugboat LUCY JANOUSH, together with its tackle, apparel, and appurtenances;

3. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Court enter an order authorizing a warrant for the arrest of the tugboat MISS ALEX, together with its tackle, apparel, and appurtenances;

4. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Court enter an order authorizing a warrant for the arrest of the tugboat BRUCE OAKLEY, together with its tackle, apparel, and appurtenances;

5. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Court enter an order authorizing a warrant for the arrest of the tugboat EL PASO, together with its tackle, apparel, and appurtenances;

6. That judgment of condemnation and sale be entered against the tugboat LUCY JANOUSH, together with its tackle, apparel, and appurtenances;

7. That judgment of condemnation and sale be entered against the tugboat MISS ALEX, together with its tackle, apparel, and appurtenances;

8. That judgment of condemnation and sale be entered against the tugboat BRUCE OAKLEY, together with its tackle, apparel, and appurtenances;

9. That judgment of condemnation and sale be entered against the tugboat EL PASO, together with its tackle, apparel, and appurtenances;

10. That an interlocutory sale of the tugboat LUCY JANOUSH be issued pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

11. That an interlocutory sale of the tugboat MISS ALEX be issued pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

12. That an interlocutory sale of the tugboat BRUCE OAKLEY be issued pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

13. That an interlocutory sale of the tugboat EL PASO be issued pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

14. That the tugboat LUCY JANOUSH be sold and that the amount of the United States' claim with interest and costs be paid out of the proceeds thereof;

15. That the tugboat MISS ALEX be sold and that the amount of the United States' claim with interest and costs be paid out of the proceeds thereof;

16. That the tugboat BRUCE OAKLEY be sold and that the amount of the United States' claim with interest and costs be paid out of the proceeds thereof;

17. That the tugboat EL PASO be sold and that the amount of the United States' claim with interest and costs be paid out of the proceeds thereof;

18. That, for the causes set forth above and pursuant to 33 U.S.C. §§ 411 and 412, the Court decree penalties against the Defendants named herein a sum not more than $25,000.00 per day for each of the five incidents wherein they caused damage to Plaintiff's navigational structures, as may be deemed proper by this Court; and

19. For any such other relief as the Court deems just and proper.

Dated this 5th day of March, 2025.

Respectfully,

CHRISTOPHER J. WILSON
United States Attorney

*s/ Michael J. O'Malley*

MICHAEL J. O'MALLEY, OBA #22252
JOSHUA M. MITTS, NYB #5639786
Assistant United States AttorneysJan
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5176
(918) 684-5130 – fax
michael.o'malley@usdoj.gov
josh.mitts@usdoj.gov